MARIA PACHECO, Petitioner-Appellee,
v.
SARA CORDER, Respondent-Appellant.
No. 28658.
Intermediate Court of Appeals of Hawaii
November 28, 2008.
On the briefs:
Sara Corder Pro Se Respondent-Appellant.
Scott R. Grigsby (Neeley & Anderson LLP) for Petitioner-Appellee.

NOT FOR PUBLICATION

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FOLEY, JJ.
Respondent-Appellant Sara Corder appeals from the Order Granting Petition for Injunction Against Harassment (Order), filed on June 6, 2007 in the District Court of the First Circuit, Honolulu Division (district court).[1]
On May 8, 2007, Petitioner-Appellee Maria Pacheco filed a Petition for Ex Parte Temporary Restraining Order and For Injunction Against Harassment (Petition), seeking inter alia to restrain Corder from contacting her. The district court issued a temporary restraining order, and subsequently conducted hearings on the Petition on May 22 and June 6, 2007. The district court then entered the Order, which restrained Corder from contacting, threatening, or harassing Pacheco or any persons residing at Pacheco's residence, entering, and/or visiting Pacheco's residence, and possessing or controlling any firearm or ammunition. The Order was effective, as of June 6, 2007, for a period of three years unless terminated or modified by an appropriate court order.
On appeal, Corder contends that: (1) the district court erred by admitting hearsay evidence, (2) the district court erred by improperly attributing actions of Corder's six-year-old daughter to Corder, (3) Pacheco failed to establish that Corder had engaged in harassment, as defined in Hawaii Revised Statutes (HRS)§ 604-10.5 (Supp. 2007), and (4) exercising her right of free speech and a tenant's right to complain about management is not harassment.[2]
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Corder's points of error as follows:
(1) The admission of the challenged evidence was harmless, or was not properly preserved for consideration on appeal. Corder challenges the admission of oral testimony by Pacheco and two letters[3] relating to a May 7, 2007 incident in which a note containing profanity was left near Pacheco's door; however, in view of our ruling in section 2 below, any such error was harmless. Corder also challenges the admission of a letter[4] giving Corder notice to vacate her apartment; Corder did not object to the exhibit, and thus has waived this issue on appeal. State v. Crisotomo, 94 Hawai`i 282, 290 12 P.3d 873, 881 (2000) ("A hearsay objection not raised or properly preserved in the trial court will not be considered on appeal.").
(2) The district court erred, in its oral ruling granting the petition,[5] by finding that Corder "is responsible" for Corder's daughter writing the profane note and leaving it by Pacheco's door on May 7, 2007. There was no direct evidence that Corder was involved with the preparation or delivery of the note, and the circumstances surrounding those events do not, without more, establish by clear and convincing evidence that Corder was involved. HRS § 604-10.5(f) (stating that the court must "find[] by clear and convincing evidence that harassment . . . exists").
(3) The district court, in its oral ruling, found that Pacheco had proven "by clear and convincing evidence that [Corder] did intentionally and knowingly engage in a pattern of conduct that was directed at [Pacheco], either directly or through her superiors or other persons who resided or worked on the premises that seriously alarmed [Pacheco] and disturbed her consistently and continually bothered her and that served no legitimate purpose." In reaching that conclusion, the district court identified several grounds: (1) its finding regarding Corder's responsibility for her daughter's actions with regard to the May 7, 2007 incident, which we concluded was erroneous in section 2 above, (2) its finding that "[Corder] did yell profanities at [Pacheco]," and (3) a "written communication" written by Corder after the May 22, 2007 court hearing, which the district court found was not "an accurate reflection" of Pacheco's conduct in court on May 22, 2007.
It is unclear from the record whether the district court would have found, absent the erroneous finding regarding the May 7, 2007 incident, that the remaining grounds were sufficient to warrant the issuance of an injunction. Additionally, the court's finding with regard to the yelling of profanities by Corder was ambiguous in that it was unclear whether the court found there was only one such incident or more than one incident. There was testimony that suggested there was more than one incident. Pacheco testified that in her capacity as resident manager of the complex where Corder lived, "I write [Corder] up for all of the things that she does and then she gets mad at me and then she starts yelling at the top of her lungs to tell that resident manager to get away from me . . . . [I]t's just continuous harassment." Pacheco identified a specific incident in August 2006 in which Corder shook her keys in front of Pacheco's face when Pacheco advised her that the house rules prohibited Corder from parking her car in a particular space. Two other witnesses, Renette Labra and Richard Juliano testified that they observed this incident. Juliano testified that Corder was yelling, swinging crutches around and shaking her keys at Pacheco, that Corder's behavior was "unstable and threatening," and that Pacheco backed away from Corder and called the police.
Labra testified that on the same occasion, she observed Corder "screaming at the top of her lungs," yelling profanity at Pacheco from a distance of 3-4 feet and advancing toward Pacheco, who backed away. She also testified to observing another incident in which Corder engaged in similar conduct toward Pacheco, and Pacheco again backed away. Labra admitted, however, that she did not know what events had led to the incidents she witnessed or what the incidents were about.
It is unclear from the court's oral ruling whether it was referring to a single incident or more than one incident. Accordingly, we vacate the Order and remand so that the district court can resolve this ambiguity in its ruling, and determine whether the evidence other than that relating to the May 7, 2007 letter writing incident established by clear and convincing evidence that a protective order was warranted.
(4) Corder's suggestion that the district court's ruling impermissibly infringed her right to free speech and a tenant's right to complain is without merit. The district court, in its oral ruling, clearly recognized that Corder was entitled to complain in a non-harassing manner about Pacheco's performance of her duties.
Therefore,
IT IS HEREBY ORDERED that the June 6, 2007 Order Granting Petition for Injunction Against Harassment filed in the District Court of the First Circuit, Honolulu Division, is vacated, and this matter is remanded for further proceedings consistent with this order.
NOTES
[1] The Honorable Barbara Richardson presided.
[2] Corder's opening brief contains a lengthy narrative discussion of her points of error, only some of which are discussed in the argument section of her brief. See Hawai`i Rules of Appellate Procedure Rule 28 (points of error not presented in accordance with Rule 28, or not argued, may be disregarded). To the extent that the brief could be construed as raising issues other than the four identified above, those additional issues are deemed waived and are, in any event, without merit.
[3] The letters were admitted into evidence as Petitioner's Exhibits 1 and 2.
[4] This letter was admitted into evidence as Petitioner's Exhibit 3.
[5] There are no written findings of fact and conclusions of law in the record.